UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| UNITED STATES OF AMERICA, Plaintiff, vs. DANIEL NEWMAN, Defendant. | CR. 16-50004-JLV PRETRIAL ORDER |
|---|---|

## ANALYSIS

On January 26, 2016, a grand jury returned a multi-count indictment charging the defendant Daniel Newman with embezzlement of mail by an officer or employee of the United States Postal Service in violation of 18 U.S.C. § 1709; and theft of mail by an officer or employee of the United States Postal Service in violation of § 1709.  (Docket 2).  Counts I-V charged embezzlement of mail entrusted to the defendant and addressed to the following alleged victims:

| Count | Date | Addressee | Address |
|---|---|---|---|
| I | 01/21/15 | Tami Korb | St. Louis Park, MN |
| II | 01/21/15 | Robert Dempsey | Birmingham, AL |
| III | 03/04/15 | Su Yin Chow | Rapid City, SD |
| IV | 03/04/15 | M. Johnsonette | Rapid City, SD |
| V | 02/10/15 | Sarah Johnson | Rapid City, SD |

Id. at pp. 1-2.

Counts 6-11 charged theft of mail as the defendant "did steal, abstract, and remove" from the letters and other articles "U.S. currency, gift cards, and other items of value . . . with the intent to convert such items to his own use":

| Count | Date     | Addressee       | Address            |
|-------|----------|-----------------|--------------------|
| VI    | 01/21/15 | Tami Korb       | St. Louis Park, MN |
| VII   | 01/21/15 | Robert Dempsey  | Birmingham, AL     |
| VIII  | 03/04/15 | Su Yin Chow     | Rapid City, SD     |
| IX    | 03/04/15 | M. Johnsonette  | Rapid City, SD     |
| X     | 02/10/15 | Sarah Johnson   | Rapid City, SD     |
| XI    | 02/2015  | Breck Buer      | Worland, WY        |

Id. at pp. 2-3. Defendant filed a number of pretrial motions which were the subject of a motions hearing on October 27, 2016. Each of defendant's motions will be separately addressed.

MOTION TO DISMISS COUNTS VI-XI AS DUPLICITOUS

Mr. Newman seeks dismiss of counts VI-XI alleging they "are internally duplicitous in that they require different intents thereby constituting separate charges, though pled in a single count." (Docket 23 at p. 1). Mr. Newman argues these counts are internally duplicitous because "[a]s criminal acts, 'stealing, abstracting and removing' require different degrees of intent—'stealing' requires specific intent whereas 'abstracting or removing' requires only general intent." (Docket 24 at p. 2). Mr. Newman claims "stealing" requires a "specific felonious intent to convert the property stolen to one's own use." Id. at p. 4. He

2

argues the government need only prove "general intent" to "abstract" or "remove" items from the letters or packages being mailed.  Id. at p. 2.

"Duplicity is the joining in a single count of two or more distinct and separate offenses. . . . The principal vice of a duplicitous indictment is that the jury may convict a defendant without unanimous agreement on the defendant's guilt with respect to a particular offense. . . . The risk inherent in a duplicitous count, however, may be cured by a limiting instruction requiring the jury to unanimously find the defendant guilty of at least one distinct act."  United States v. Nattier, 127 F.3d 655, 657 (8th Cir. 1997) (internal citations omitted).

Counts VI-XI specifically allege Mr. Newman "did steal, abstract, and remove" items from the mail "with intent to convert such items to his own use . . . ."  (Docket 1 at p. 2).   Without needing to resolve Mr. Newman's "intent" argument, based on the specific language of the indictment, the government must prove in counts VI-XI that the defendant specifically intended to convert the items taken out of the mail to his own use.   Because of this conclusion, counts VI-XI do not create a duplicity issue as they charge only one offense which can be accomplished in one of three different methods—"steal[ing], abstract[ing] or remov[ing]."   18 U.S.C. § 1709.

Defendant's motion (Docket 23) is denied.

<u>MOTION TO DISMISS INDICTMENT OR CONSOLIDATE COUNTS I-V AND COUNTS VI-XI</u>

Mr. Newman seeks dismissal of the indictment for being multiplicitous or, in the alternative, to consolidate counts I-V into a single count and counts VI-XI

3

into a second count.  (Docket 25 at p. 1).  He claims the indictment is multiplicitous because "it charges a single offense in several counts. . . . [and] may lead to multiple sentences for the same offense."  (Docket 26 at p. 4). Mr. Newman argues the "unit of prosecution" should determine whether "the facts underlying each count . . . make . . . a separate unit of prosecution."  Id. at p. 5 (referencing United States v. Chipps, 410 F.3d 438, 447-49 (8th Cir. 2005) and Bell v. United States, 349 U.S. 81, 83-84 (1955)).  Mr. Newman asserts that "[t]o determine how many courses of conduct [he] undertook, the . . . 'impulse test' is applied."  Id. at p. 6 (referencing Chipps, 410 F.3d at 449).  He argues that "[u]nder the impulse test, all violations arising from 'that singleness of thought, purpose or action, which may be deemed a single "impulse" ' are treated as just one offense."  Id. (citing Chipps, 410 F.3d at 449).

Applying these theories to § 1709, Mr. Newman claims his conduct "encompass[es] a single offense [because] all acts of embezzlement or theft occurring over a short, continuous period of time as a single offense undertaken as a single impulse constitute[s] a distinct, individual unit of prosecution . . . ." Id. at p. 7.  Because each act of embezzlement or theft is separately charged in counts I-V, embezzlement, and VI-XI, theft, the defendant argues the indictment violates the "unit of classification" rule and the multiple counts are multiplicitous.  Id. at pp. 7-8.  To avoid violation of the "unit of classification" rule, he asserts counts I-V must be merged into a single count of embezzlement and counts VI-XI must be merged into a single count of theft.  Id. at p. 8.

The government argues where a defendant is charged with several violations of the same section, "the question is whether Congress intended the facts underlying each count to constitute a separate unit of prosecution." (Docket 47 at p. 2) (citing United States v. Hinkeldey, 626 F.3d 1010, 1013 (8th Cir. 2010).   The government argues "[t]here is no double jeopardy violation if each offense requires proof of an element not required by the other."  Id. (citing Blockburger v. United States, 284 U.S. 299, 304 (1932) ("[T]he test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not.").

Because each count alleges a different victim, the government asserts the counts are not multiplicitous.  Id. at p. 4.  With the existence of different victims, the government claims "each count requires proof of a fact or element the others do not require, meaning the counts are not multiplicitous. Accordingly, the acts do not constitute a single course of conduct [and are not] . . . a single offense."  Id.  If the "impulse test" is applied, the government acknowledges counts I and II, occurring on the same day, may be considered as the same impulse.  Id. at p. 5.  The government further concedes applying the "impulse test" would require consolidation of those alleged acts occurring on the same day, so that consolidation is required for counts III and IV, counts VI and VII, and counts VIII-IX.  Id.

"Section 1709 creates two distinct offenses of postal theft.  The first clause of the section makes it a crime for postal employees to embezzle mail; the

5

second clause makes it illegal to steal the contents of mail." United States v. Selwyn, 998 F.2d 556, 557 (8th Cir. 1993). "It is well settled that the crimes of embezzlement and stealing are inconsistent in that embezzlement presupposes lawful possession and theft does not." Id. (internal citation, quotation marks and brackets omitted). "It is to be noted that the first offense under the statute is that of embezzlement and includes (1) letters or (2) articles contained therein. The second offense is that of stealing articles removed from any such letter as distinguished from the letter itself." Id. at 558. "[T]he predecessor of the current statute created 'two classes of offences . . . one relating to the embezzlement of letters, etc., and the other to stealing the contents.'" Id. at 558 n.4 (citing United States v. Lacher, 134 U.S. 624, 629-30 (1890); see also Hall v. United States, 168 U.S. 632, 637 (1898) (the statute clearly describes two different classes of offenses). "*[E]mbezzle* means 'willfully to take, or convert to one's own use, another's money or property, of which the wrongdoer acquired possession lawfully, by reason of some office or employment or position of trust.'" Selwyn, 998 F.2d at 559 (J. Loken, dissenting) (emphasis in original).

"[W]here the same act or transaction constitutes a violation of two distinct statutory provisions, the test to be applied to determine whether there are two offenses or only one, is whether each provision requires proof of a fact which the other does not." Blockburger, 284 U.S. at 304. "Under this so-called same-elements test—sometimes referred to as the Blockburger test—unless the two offenses each contain an element not found in the other, they are the same

offense and double jeopardy bars additional punishment." United States v. Grimes, 702 F.3d 460, 467 (8th Cir. 2012) (referencing United States v. Robertson, 606 F.3d 943, 950 (8th Cir. 2010) (citing United States v. Dixon, 509 U.S. 688, 696 (1993)). Charges under subpart (a) [embezzlement] and subpart (b) [theft] of § 1709 "are not multiplicitous because each statutory provision contains an element not found in the other." Id. at 467-68.

Under the impulse test, the court must "treat[ ] as one offense all violations that arise from that singleness of thought, purpose or action, which may be deemed a single 'impulse.' " Chipps, 410 F.3d 449. Looking specifically by day within each group, "that the alleged acts all occurred on the same day does not demonstrate that they were done simultaneously or continuously." United States v. Davis, 484 F. Supp. 26, 27 (E. D. Mich. 1979). "[W]hether the counts are multiplicitous cannot be decided on the face of the indictment, and rather must await determination based on the facts brought out at trial." Id. (referencing United States v. Universal C.I.T. Credit Corp., 344 U.S. 218, 225 (1952) (*dictum*) (whether conduct is "a single offense, or more than one, may not be capable of ascertainment merely from the bare allegations of an information and may have to await the trial on the facts")). See also Smith v. United States, 211 F.2d 957 (6th Cir. 1954) (if the facts disclose that both letters were taken while delivering the mail on the same day and that neither was taken in response to a separately formed criminal intent, then it must be concluded that the theft of both letters was either simultaneous or continuous, constituting one offense).

Grimes also analyzed counts for multiplicity under the "impulse test." Grimes, 702 F.3d at 468. Because the statutory violation at issue in Grimes included "repeated" calls, and the court's definition of "repeated" included "a close proximity" and "a single episode," the United States Court of Appeals for the Eighth Circuit concluded those counts were multiplicitous. Id. at 469.

The court finds the offenses of group 1, counts I-V (embezzlement), are not multiplicitous of group 2, counts VI-XI (theft), because each group requires proof of an element not present in the other group. The court further finds that counts I and II are multiplicitous; counts III and IV are multiplicitous; counts VI and VII are multiplicitous, and counts VIII and IX are multiplicitous. Counts I and II must be consolidated into a single count, charging in the alternative the alleged victims. Similar consolidation must occur for counts III and IV, VI and VII and VIII and IX.

It is impossible to determine on the state of the record whether counts X and XI are the result of a single impulse or were done continuously. The facts presented at trial will determine whether counts X and XI are multiplicitous. At trial, the defendant may move to require consolidation of counts X and XI if the evidence supports the "single impulse" standard. Chipps, 410 F.3d 449.

Defendant's motion for consolidation (Docket 25) is granted in part and denied in part.

MOTION TO COMPEL ELECTION OF OFFENSE CONDUCT

In line with his earlier argument that the groups of charges are duplicitous, Mr. Newman argues the court should require the government to "elect" whether it intends to prosecute him for "embezzlement" or "theft." (Docket 30 at p. 3). He argues that "[f]ailing this, the jury should . . . be instructed at the outset that the United States['] offense theory of theft is alternative and to find him guilty they must unanimously find either that Defendant lawfully possessed the mail in question, or unlawfully possessed it." Id.

Because the court denied Mr. Newman's duplicity motion (Docket 23) and his consolidation motion to convert the grouping to single counts (Docket 25), the motion to require election by the government (Docket 29) is denied.

MOTION TO DISMISS—or: VIOLATION OF 6TH AMENDMENT SPEEDY TRIAL

Mr. Newman argues his Sixth Amendment right to a speedy trial was violated. (Docket 32 at p. 1). He argues all four factors of the Barker balancing test compel dismissal. Id. at pp. 6-7 (referencing Barker v. Wingo, 407 U.S. 514 (1972)).

The court previously concluded the Speedy Trial Act, 18 U.S.C. § 3161, was not violated. (Docket 27). "Sixth Amendment and Speedy Trial Act challenges for delay are reviewed independently of one another." United States v. Williams, 557 F.3d 943, 948 (8th Cir. 2009) (citation and internal quotation marks omitted). A defendant's Sixth Amendment right to a speedy trial "

9

'attaches at the time of arrest or indictment, whichever comes first, and continues until the trial commences.'" United States v. Erenas-Luna, 560 F.3d 772, 776 (8th Cir. 2009) (quoting United States v. McGhee, 532 F.3d 733, 739 (8th Cir. 2008)). The Sixth Amendment does not specify a time limit in which an accused must be brought to trial. See U.S. Const. amend. VI.

Because of the "vague" nature of the Sixth Amendment right, "any inquiry into a speedy trial claim necessitates a functional analysis of the right in the particular context of the case." Barker, 407 U.S. at 522. To assist courts in evaluating speedy trial claims, the Barker Court established a four-factor balancing test "in which the conduct of both the prosecution and the defendant are weighed." Id. at 530. These factors are the (1) length of the delay, (2) the reason for the delay, (3) the defendant's assertion of his right to speedy trial, and (4) the prejudice to the defendant. Id. Because the "length of the delay is to some extent a triggering mechanism," courts need not inquire into the remaining factors "[u]ntil there is some delay which is presumptively prejudicial[.]" Id.; see also United States v. Chahia, 544 F.3d 890, 898 (8th Cir. 2008) ("With respect to the first factor, an accused must allege that the interval between accusation and trial has crossed the threshold dividing ordinary from presumptively prejudicial delay. . . . [I]f the length of the delay is not presumptively prejudicial, [courts] need not examine the other criteria.") (citations and internal quotation marks omitted). However, "because of the imprecision of the right to speedy trial, the length of delay that will provoke such

an inquiry is necessarily dependent upon the peculiar circumstances of the case."[1]  Barker, 407 U.S. at 530-31.

"Prejudice, of course, should be assessed in the light of the interests of defendants which the speedy trial right was designed to protect . . . . (i) to prevent oppressive pretrial incarceration; (ii) to minimize anxiety and concern of the accused; and (iii) to limit the possibility that the defense will be impaired." United States v. Aldaco, 477 F.3d 1008, 1019 (8th Cir. 2007) (citing Barker, 407 U.S. at 532).  "[P]rejudice . . . 'is the most serious . . . because the inability of a defendant adequately to prepare his case skews the fairness of the entire system.' "  Walker, 92 F.3d at 719 (quoting Barker, 407 U.S. at 532).  "A showing of actual prejudice is required if the government exercised reasonable diligence in pursuing the defendant."  Erenas-Luna, 560 F.3d at 778-79. "Where the government has been negligent, however, prejudice can be presumed if there has been an excessive delay."  Id.

Mr. Newman was originally indicted on June 16, 2015, in a single count indictment with theft of mail by a postal employee on or between November 1, 2014, and March 5, 2015, in violation of 18 U.S.C. 1709.  United States v.

---

[1] See United States v. Perez-Perez, 337 F.3d 990, 995 (8th Cir. 2003) (a delay of five months is not presumptively prejudicial); Chahia, 544 F.3d at 899 (a delay of six and one-half months is not presumptively prejudicial); United States v. Lozano, 413 F.3d 879, 883 (8th Cir. 2005) (a delay of approximately seven months is not presumptively prejudicial); United States v. Titlbach, 339 F.3d 692, 699 (8th Cir. 2003) (a delay of eight months is not presumptively prejudicial); United States v. Mallett, 751 F.3d 907 (8th Cir. 2014) (17-month delay between indictment and trial is presumptively prejudicial); United States v. Walker, 92 F.3d 714, 717 (8th Cir. 1996) (a 36-month delay is presumptively prejudicial).

Daniel Newman, CR. 15-50075 (Docket 1) (D.S.D. 2015).  On November 10, 2015, the government obtained a superseding indictment charging Mr. Newman with a single count of the same offense.  CR. 15-50075 (Docket 28).  The superseding indictment charged "embezzlement" of mail entrusted to Newman and "theft" of mail by stealing, abstracting or removing items from things being mailed.  Id.  During a pretrial conference on November 16, 2015, the day before the scheduled jury trial, the government orally moved to dismiss the superseding indictment without prejudice.  CR. 15-50075 (Docket 41).  The court granted the government's motion to dismiss without prejudice.  CR. 15-50075 (Dockets 41 and 43).  On January 26, 2016, a grand jury returned the multi-count indictment charging Mr. Newman in the present case.  (Docket 1).

The court finds that although the government bears some responsibility for the delays during the first case, over the course of the five months the majority of the delay resulted from the defendant's motions for continuances.  See CR-15-50075 (Dockets 17 & 19).  As of the date of dismissal of the superseding indictment in CR. 15-50075, there remained 36 days on the speedy trial clock.  (Docket 27-1 at p. 3).

Mr. Newman fails to show that the delay between dismissal of the CR. 15-50075 indictment and the current indictment is presumptively prejudicial.  Barker, 407 U.S. at 530.  Mr. Newman makes no claim regarding witness memory loss and he has not made an affirmative showing that delay

affected his ability to assert specific defenses, elicit specific testimony or produce specific items of evidence.  Erenas-Luna, 560 F.3d at 779.

Defendant's motion to dismiss under the Sixth Amendment (Docket 31) is denied.

MOTION TO DISMISS INDICTMENT—or: VINDICTIVE PROSECUTION

Mr. Newman asserts the government engaged in vindictive prosecution when it re-indicted him on a multiple count indictment when compared with the original superseding indictment in CR. 15-50075.  (Docket 34 at p. 3).  He argues "there is no plausible explanation for increasing the charges tenfold based on any newly discovered evidence.  The indictment was filed after Mr. Newman clearly and justly exercised his fundamental legal right to a fair and adequate charging document, and after the one-count indictment was dismissed on a 'legal technicality.' "  Id. at p. 4.  The defendant claims he "is *entitled* to a presumption of vindictiveness where there exists a reasonable likelihood of vindictiveness."  Id. at p. 5 (emphasis in original) (citing United States v. Campbell, 410 F.3d 456, 461 (8th Cir. 2005)).

The government resists the defendant's motion and claims the new indictment is "[b]ased on the law in the Eighth Circuit as it relates to § 1709 . . . ."  (Docket 44 at p. 3) (referencing Selwyn, 998 F.2d at 557) (§ 1709 creates two separate offenses with separate elements).  The government claims "bringing the indictment into compliance with Eighth Circuit law cannot possibly be considered vindictive, particularly when this [] defendant's chief complaint in

13

his motion to dismiss the superseding indictment was that it charges multiple criminal offenses in the same count." Id. at p. 5.  The government argues it "should remain free before trial to exercise the broad discretion entrusted to [the prosecutor] to determine the extent of the societal interest in prosecution.  An initial decision should not freeze future conduct. . . . [T]he initial charges filed by a prosecutor may not reflect the extent to which an individual is legitimately subject to prosecution." Id. at p. 6 (citing United States v. Goodwin, 457 U.S. 368, 373, 382-83 (1982)).

"The burden of proof of selective or vindictive prosecution is on the defendant." United States v. Kelley, 152 F.3d 881, 885 (8th Cir. 1998) (referencing United States v. Huff, 959 F.2d 731, 735 (8th Cir. 1992)).  "The defendant's burden is a heavy one, and because we afford broad discretion to [prosecutors], we require 'a showing of "intentional and purposeful discrimination." ' " Id. at 886 (citing United States v. Matter, 818 F.2d 653, 654-55) (8th Cir. 1987) (internal citations omitted)).  "This is because 'so long as the prosecutor has probable cause to believe that the accused committed an offense defined by statute, the decision whether or not to prosecute, and what charge to file . . . generally rests entirely in [the prosecutor's] discretion.' " Id. (citing Bordenkircher v. Hayes, 434 U.S. 357, 364 (1978)).

"In order to demonstrate prosecutorial vindictiveness, a defendant must show that the superseding indictment containing the additional charges was sought in retaliation for exercising constitutional or statutory rights."  United

States v. Chappell, 779 F.3d 872, 879 (8th Cir.), *cert. denied*, ___ U.S. ___, 136 S. Ct. 281 (2015) (citing United States v. Punelli, 892 F.2d 1364, 1371 (8th Cir. 1990)).  "A defendant can prove such impermissible prosecutorial vindictiveness with objective evidence of the prosecutor's 'vindictive or improper motive' in increasing the number or severity of charges."  Id. (citing United States v. Leathers, 354 F.3d 955, 961 (8th Cir. 2004)).  "Absent such evidence, a defendant may, in *rare* instances, rely upon a presumption of vindictiveness . . . if he provides sufficient evidence to show a reasonable likelihood of vindictiveness exists . . . ."  Id. (emphasis in original; internal quotation marks and citations omitted).  "A presumption does not arise just because action detrimental to the defendant was taken after the exercise of the defendant's legal rights; the context must also present a reasonable likelihood of vindictiveness."  Campbell, 410 F.3d at 462 (referencing Goodwin, 457 U.S. at 373, 375).

Although a rebuttable presumption of vindictiveness may arise when prosecutors increase the number or severity of charges, "[i]f any objective event or combination of events in those proceedings should indicate to a reasonable minded defendant that the prosecutor's decision to increase the severity of charges was motivated by some purpose other than a vindictive desire to deter or punish appeals, no presumption of vindictiveness is created."  Chappell, 779 F.3d at 881 (internal citation omitted).  "There can be no prosecutorial vindictiveness if the prosecutor revised the charge because of newly discovered evidence or some objective reason other than to punish the defendant for

exercising his legal rights." Id. at 881. "[A] reasonable minded defendant should have appreciated that the prosecutor's actions were taken to pursue a course indicated by the appellate opinion rather than to impose a penalty on [the defendant] for having exercised his right of appeal." Id. at 882.

The defendant is not entitled to a presumption of vindictiveness because the government articulated a legally based, rational reason for increasing the number of counts in the new indictment. Simply because the additional charges were added after the superseding indictment in CR. 15-50075 was dismissed on the government's motion does not satisfy Mr. Newman's heavy burden to sustain his claim of vindictive prosecution. The context of this action does not "present a reasonable likelihood of vindictiveness." Campbell, 410 F.3d at 462 (referencing Goodwin, 457 U.S. at 373, 375). "The record is devoid of objective evidence of prosecutorial vindictiveness and, if any presumption of vindictiveness arose, it was rebutted by the government." Campbell, 410 F.3d at 462.

Defendant's motion to dismiss based on vindictive prosecution (Docket 33) is denied.

MOTION TO COMPEL DISCOVERY

Mr. Newman argues the government should be required to disclose, or at least present to the court for an *in camera* review, the prosecutorial memorandum which Assistant United States Attorney Kelderman was required to present to his superiors as part of the court's evaluation of the defendant's

16

vindictive prosecution motion. (Docket 37 at p. 1). Mr. Newman also seeks "any memorialization of, or notes pertaining to, plea negotiations . . . [and] . . . any emails, notes, or memorialization of charging decisions or charging options." Id.

Mr. Newman asserts the prosecutorial memorandum is required by Department of Justice policy ("DOJ policy"). Id. at p. 2 (referring Docket 37-1). The DOJ Policy requires that "[a]ll charging decisions must be reviewed by a supervisory attorney." (Docket 37-1 at p. 2). The review is based upon "a prosecution memorandum that identifies the charging options supported by the evidence and the law and explains the charging decision therein." Id.

The government resists the motion on the basis of Fed. R. Crim. P. 16(a)(2) which "exempts from . . . inspection 'reports, memoranda, or other internal government documents made by the attorney for the government . . . in connection with investigation or prosecution of the case.'" (Docket 48 at p. 1) (citing United States v. Armstrong, 517 U.S. 456, 462-63 (1996). See also United States v. Robinson, 439 F.3d 777, 779-80 (8th Cir. 2006) (quoting Fed. R. Crim. P. 16(a)(2)) (citing United States v. Wipf, 397 F.3d 632, 637 (8th Cir. 2005); United States v. Roach, 28 F.3d 729, 734 (8th Cir. 1994)).

Under Armstrong the court does not have the authority to require the government to produce, or deliver to court chambers for *in camera* review, the prosecution memorandum Mr. Newman seeks. Additionally, the court already concluded Mr. Newman has not met his heavy burden to support his claim of

vindictive prosecution. For the reasons discussed in the vindictive prosecution motion section, Chappell does not support the defendant's claim the prosecutorial memorandum should be disclosed.

Defendant's motion to compel discovery (Docket 37) is denied.

MOTION FOR CHANGE OF VENUE

Mr. Newman believes the pretrial publicity in his case makes finding a fair and unbias jury in the Western Division impossible. (Docket 38). Because this case is being tried to the court without a jury (Docket 62), defendant's motion for change of venue (Docket 38) is denied.

Dated January 18, 2017.

                BY THE COURT:

                /s/ *Jeffrey L. Viken*
                JEFFREY L. VIKEN
                CHIEF JUDGE